invoking the jurisdiction of this forum, is governed by the remedial law of Ohio and appears to be the real party in interest and entitled, under Section 11242, General Code, to bring the suit.

It was, therefore, error to sustain the demurrer on the third ground.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur in the syllabus, opinion and judgment.

WILER, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT, ET AL.

(No. 486—Decided August 6, 1947.)

*Mr. Ralph D. Cole, Jr.,* and *Mr. Dwight C. Murray,* for appellee.

*Mr. Hugh S. Jenkins,* attorney general, and *Mr. John M. Woy,* for appellant.

MIDDLETON, J. This cause comes into this court on appeal on questions of law from a judgment of the Court of Common Pleas of Hancock county.

On the 12th day of July, 1945, the claimant filed with the Bureau of Unemployment Compensation, his claim for unemployment compensation, pursuant to the provisions of Section 1345-1 *et seq.,* General Code. The claim was disallowed on July 31, 1945, by the administrator, for the stated reasons that:

"The evidence submitted does not establish that claimant is able to work as required by Section 1345-6 *a* (4), General Code."

Thereafter, on August 8, 1945, claimant filed his request for reconsideration of his claim, and stated therein:

"I am capable of any work except extremely close work. When I do this type of work my eye bothers me. I am available for work but must be home at noon to care for my wife. I can leave her for 5 hours in the morning and 5 hours in the afternoon."

On hearing of that application the claim was disallowed, the administrator making the following statement of fact:

"At the time claimant filed his original claim for benefits he submitted signed statement to the effect that he had not worked since December 9, 1944, and that he really did not feel that he was physically able to work. At a later date he stated that any employment which he might accept must permit him to be home at noon so that he could take care of his wife.

"Claimant's various statements fail to prove beyond a reasonable doubt that he was able to work or that he was actively seeking work. It will therefore be held that he has not satisfactorily established his availability for work."

The administrator made the following decision:

"Claimant has failed to prove that he was able and available for work at the time of filing his original claim for benefits. Claim is accordingly disallowed."

From that decision the claimant appealed to the

board of review, and on the appeal the board of review, through its referee, made the following findings of fact:

"The testimony developed at the hearing reveals that the obstacle to full daytime· employment, resulting from the alleged care required by his wife, could have been surmounted. However, the reply of claimant to certain questions of the referee indicates that he is very reluctant to accept work that would not permit him to come home at noontime; that he still entertains high hopes of being reemployed by the base period employer because it had been suggested to him in the early part of this year that there was a possibility of him being reinstated."

And further:

"The facts reveal that claimant suffers with permanent disabilities, but that these were not the direct cause for separation from employment and do not prevent him from performing services similar to those he had performed during the period in which they occurred. In view of this fact, it is found that claimant is able to perform work for which he is reasonably fitted. However, the testimony reveals a reluctance on the part of the claimant to accept any employment that would keep him away from home at the noon hour. This attitude of the claimant is in violation of the provisions contained in subsection $a$ (4) of Section 1345-6 of the General Code in that it constitutes a limitation of the condition of availability, the fulfillment of which is an essential requirement to the establishment of a valid claim. This term, as used under the law, implies a readiness and willingness to accept any kind of employment for which an individual is reasonably·fitted, without limitations or restrictions. Having failed in this aspect, the claim for unemployment benefits is disallowed."

Upon those findings of fact, the referee, on November 7, 1945, rendered the following decision:

"Claimant, at the time of filing his claim, was not available for work within the meaning of Section 1345-6 *a* (4) of the General Code of Ohio. Pursuant thereto, his claim for unemployment benefits is disallowed. The decision upon reconsideration of the administrator, dated August 10, 1945, is modified to conform hereto."

Following that decision, the claimant filed an application for leave to institute a further appeal from the decision of the referee and stated in his application:

"I am not satisfied with the decision of the board of review on my claim as mailed on 11/7/45 and desire a review before board of review. There is some misunderstanding. I said I preferred being home at noon to look after invalid wife. But if job would require me being away all day I would accept same."

That application was disallowed by the board of review.

From that disallowance the claimant appealed to the Court of Common Pleas which court found, on hearing, that the decision of the board of review was unreasonable, void, and against the manifest weight of the evidence.

The court found further that the claimant was, at the time of filing his claim, and thereafter, capable of and available for work, within the meaning of those terms as set forth in Section 1345-6, General Code.

The court reversed the decision of the board of review disallowing the claim.

It is from that judgment of the Court of Common Pleas that appeal is taken to this court.

The board of review sets forth the following assignments of error:

1. The court erred in reversing the decision of the

referee of the board of review.

2. The court erred in holding that the decision of the board of review is unreasonable, void and against the manifest weight of the evidence.

3. The court erred in finding that the claimant, Lewis N. Wiler, was, at the time of filing his claim and thereafter, capable and available for work within the meaning of the unemployment compensation law.

Section 1345-6, General Code, provides as follows:

"* * * a. No individual shall be entitled to any benefits unless he or she * * *

"(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and

"(5) is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to this act. * * *"

The availability of the claimant for work is the sole issue in this case.

The board of review, on the 7th day of November, 1945, found the claimant able to perform work for which he is reasonably fitted. However, the referee held:

"The testimony reveals a reluctance on the part of the claimant to accept any employment that would keep him away from home at the noon hour."

With his decision, the referee filed what is termed "Memorandum of Testimony." The following is all that is contained in this memorandum of testimony which reflects in any way upon the claimant's availability for work, to wit:

"Affiant Wiler further testified that he can see very little through his left eye because of a bobbit burn; that however he is able to read the papers; that he has had only been informed of work once by USES— and he was willing to take it but they refused to tell

him where it was and he has heard nothing from them; that he is 71 years of age and has no trade; that his wife is an invalid for 13 yrs. and cannot walk; that he has to be there at noon to help her get meal; that when working he came home at noon; that he is drawing old benefits of $31.51 month and wife gets $15.76; which he has been drawing since January 1945; that the only factory work be probably at Buckeye Ditcher and it isn't likely they will hire him."

Upon that memorandum of testimony and the findings of fact set forth in the decision of the board of review, by its referee, is based the disallowance of claimant's claim.

It is conceded that there was not a refusal to work by the claimant, and no work was ever offered to him.

The board based its holding that the claimant was unavailable, upon the finding of the board that the claimant was "reluctant" to accept any employment that would keep him away from home at the noon hour.

However, the referee, in his findings of fact, made a positive finding that: "The testimony developed at the hearing reveals that the obstacle to full daytime employment, resulting from the alleged care required by his wife, could have been surmounted."

As stated above, there is no claim made that employment of any kind was ever offered to claimant.

There is nothing in the record, as shown by the memorandum of testimony, or in the findings of fact made by the referee, which justifies the decision of the board of review that the claimant was unavailable for work.

The judgment of the Court of Common Pleas is, therefore, affirmed.

*Judgment affirmed.*

JACKSON, P. J., and GUERNSEY, J., concur.